COX, Ex parte. See Cases Nos. 1,878 and 1,879.

## Case No. 3,300.

### COX v. BARNEY.

[14 Blatchf. 289.][2]

District Court, S. D. New York. Sept. Term, 1877.

JUDGMENT FOR DUTIES OVERPAID — CERTIFICATE OF PROBABLE CAUSE—WHO MAY GRANT—LACHES IN APPLICATION.

1. A judgment having been entered against a defendant, as a collector of customs, in a

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[2] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

"charges and commissions" case, for duties overpaid, under protest, which duties had been paid into the treasury by the defendant, and such judgment not having been paid by the treasury department, the plaintiff issued an execution against the property of the defendant. The defendant applied to the court for a certificate, under section 989 of the Revised Statutes, that there was probable cause for the acts done by the collector, and for a stay of the execution: Held, that the application must be granted.

2. Such certificate may be granted by a different judge from the one before whom the verdict was rendered.

3. It having been the practice of defendants in like cases not to ask for a certificate of probable cause until the judgment was about to be paid by the treasury department, no laches or delay can be alleged against a defendant for not applying for such certificate before the issuing of an execution.

A judgment had been entered in this case, which was one of a class of cases known as "charges and commissions" cases, against the defendant, as a collector of customs, for duties overpaid, under protest. The amount of the judgment not having been paid by the treasury department, the plaintiff issued an execution against the property of the defendant. Thereupon the district attorney of the United States, as attorney for the defendant, moved the court to certify that there was probable cause for the acts done by the defendant, under section 989, Rev. St. U. S., and that the execution which had been issued be stayed by the court.

Almon W. Griswold, for plaintiff.

Stewart L. Woodford, Dist. Atty., for defendant.

BLATCHFORD, District Judge. I think that the proper construction of section 989 of the Revised Statutes is, that the amount of the recovery cannot be paid out of the treasury, unless there is such a certificate as the section provides for. If a recovery is had, and the court makes a certificate of probable cause, or that the collector acted under the direction of the proper officer, then there are two provisions made. One is for the protection of the collector, and the other is for the payment of the money. And the first one is not only for the protection of the collector, but it operates to restrain what otherwise would be the rights of the plaintiff. It would not be proper, however, for the court to make an order granting a certificate of probable cause, but providing that such certificate shall not be operative unless and until the money is paid. The effect of such an order would be, to allow the execution to be issued, and to take away from the collector the protection which the statute manifestly intended to give him, that if, under the directions of the secretary of the treasury, he exacts money, as a public officer, and then places that money in the treasury of the United States, his property shall be absolved from liability to respond for the exaction. He takes the office of collector under those circumstances. The person paying the exaction deals with

the government and with the collector, under those circumstances, and with the full understanding, that, if the money is exacted and is then paid into the treasury, and the court shall certify that the collector acted under the directions of the secretary of the treasury, he shall not have any remedy against the property of the collector. It is manifest, that the government re-instated the right of action against the collector, for the purpose of giving to the party from whom the illegal duties should be exacted, a standing in court to sue the collector, while it took away from him the right to obtain the fruits of his judgment by execution.

In acting upon this statute, either in granting a certificate or in restraining an execution, the court cannot look into the question, whether the reasons for not paying the money out of the treasury appear to be sufficient—as to whether there is a fund out of which it might be paid, or as to whether the secretary of the treasury ought to have paid it.

It is said, that it is discretionary with the court to give a certificate of probable cause. It seems to me, however, that, where the collector has exacted money in the performance of his official duty, under the directions of the secretary of the treasury, and has paid it into the treasury, it is the duty of the court to grant a certificate to that effect, leaving the consequences to take care of themselves.

It is further said, that the judge who tried the case is the person to grant the certificate, and that no other judge can do so. But I think, that, although the judge before whom the verdict was rendered is not the judge to whom the application for the certificate is made, yet he can properly grant the certificate. The statute provides for the making of the certificate by "the court," and not by any particular judge.

The only point that is at all troublesome is the suggestion, that the application comes too late. It is clear, from the affidavits on the part of the defendant, on this motion, that the practice has grown up of not asking for a certificate of probable cause, until the time came around for the payment of the money out of the treasury. I do not think that the plaintiff in this "charges and commissions" case is in a position to allege laches or delay, on the part of the government or of the defendant, in applying for this certificate of probable cause.

It is unfortunate for the plaintiff, that he is unable to obtain his money, and it is to be regretted that it is so, but it is for the legislative department of the government to provide for the payment of the money, and the court must assume that there is no dereliction of duty on the part of the executive officers of the government. It is not the province of this court to pass upon any such question. The statute is perfectly plain, and the court ought not to wrest it from its clear meaning, on the consideration that the effect of granting the certificate of probable cause

will be to relieve the executive officers of the government from a pressure which, otherwise, would be upon them, to assist the defendant in paying the judgment. The statute looks to the exemption of the property of the collector from execution, provided he has acted under the instructions of his superior officer, and has paid into the treasury of the United States the money which he has exacted. The ultimate means of paying back the money is another question. The statute says that it shall be provided for and paid out of the proper appropriation from the treasury.

An execution having been issued, it seems to me that the good sense of the statute is, that no execution shall collect the debt, but that the money shall be paid out of the treasury. Therefore, the certificate is to be granted not only to prevent the issuing of an execution against the collector, but to stay one already issued.

[NOTE. A writ of error was sued out in this case, with others; and when the cases were reached the solicitor general, on the part of the government, moved for their dismissal, as presenting no question he desired to argue, which motion was granted. At a subsequent term the defendants in error applied to correct the judgment and mandate so as to award interest as such, or as damages for delay; but the court denied the motion, holding, per Mr. Justice Blatchford, that the application, having been made after the term at which the cause had been finally disposed of, came too late, the court having no power to grant the relief sought. Barney v. Cox, 107 U. S. 629, 2 Sup. Ct. 830.]